Lisa Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (appearance *pro hac vice*)
Robert W. Killorin (appearance *pro hac vice*)
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Lead Plaintiffs*
*The Tang Family Investor Group and*
*Lead Counsel for the Settlement Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: REVANCE THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 3:21-cv-09585-AMO<br><br>CLASS ACTION |

# STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits thereto, the "Stipulation" or "Settlement Agreement"), dated as of July 31, 2026 (the "Stipulation Date"), is entered into between: (a) Chonghao Tang, Shengzhen Tang, and Qiuyan Liu (together the "Tang Family Investor Group" as "Lead Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined herein), and (b) Revance Therapeutics, Inc. ("Revance" or the "Company"), Mark J. Foley, Tobin C. Schilke, and Dr. Abhay Joshi (the "Individual Defendants," and together with Revance, "Defendants," and collectively with Lead Plaintiffs, the "Parties"), by and through their counsel of record, and embodies the terms and conditions of the settlement of the above-captioned litigation (the "Action") pending in the United States District Court for the Northern District of California (the "Court").[1] This Stipulation states all terms of the settlement and resolution of this matter by the Parties (the "Settlement") and is intended by the Parties to fully, finally, and forever resolve, discharge, relinquish, release, waive and dismiss with prejudice, and without costs, the Action and the Released Claims (defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

WHEREAS:

A. On December 10, 2021, an initial class action complaint was filed in the United States District Court for the Northern District of California under the caption *Aramic LLC v. Revance Therapeutics, Inc, et at.*, Case No. 5:21-cv-09585-EJD (ECF No. 1), asserting that Defendants violated either or both of Sections 10(b) and 20(a) of the Securities Exchange Act (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

B. On February 8, 2022, several Revance shareholders, including the Tang Family Investor Group, filed motions to be appointed lead plaintiff and for their counsel to be appointed lead counsel on behalf of the putative class. ECF Nos. 12, 17, 20.

C. On July 28, 2022, a hearing was held before the honorable Judge Edward J. Davila on the competing motions for appointment as lead plaintiff and lead counsel. ECF No.

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

35. Pursuant to a ruling by Judge Davila at that hearing, the competing movants submitted a proposed schedule for supplemental briefing regarding the competing lead plaintiff motions. ECF No. 43. The supplemental briefing was filed on August 12, 2022 (ECF Nos. 44, 45) and August 26, 2022 (ECF Nos. 47, 48). Additionally, the Tang Family Investor Group moved the Court for permission to submit documents to the Court in support of its lead plaintiff motion for an *in camera* review (ECF No. 45), which motion was granted. ECF No. 49.

D. By order dated September 7, 2022, the Court appointed the Tang Family Investor Group as Lead Plaintiffs, and the Faruqi Firm as Lead Counsel in this federal Action. ECF No. 50.

E. On November 7, 2022, Lead Plaintiffs filed the First Amended Complaint ("FAC"). ECF No. 58. The FAC alleged that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 by materially misrepresenting and omitting material facts. *See, e.g.*, FAC ¶¶1, 7-17. The FAC alleged, among other things, that the price of Revance securities was artificially inflated during the putative class period as a result of the allegedly false and misleading statements, and declined when the truth was alleged to have been revealed on October 12, 2021, and October 15, 2021.

F. On January 23, 2023, Defendants moved to dismiss the FAC. ECF Nos. 65-66.

G. On May 10, 2023, this case was reassigned to the honorable Judge Araceli Martínez-Olguín. ECF Nos. 73, 74.

H. On August 10, 2023, a hearing was held before the Court on Defendants' motion to dismiss the FAC. ECF No. 79. On August 24, 2023, pursuant to the Court's order at the August 10, 2023 hearing, the parties submitted a joint chart summarizing the Parties' positions regarding the motion to dismiss. ECF No. 83.

I. On April 2, 2024, the District Court granted Defendants' motion to dismiss the FAC, with leave for the Lead Plaintiffs to file a Second Amended Complaint ("SAC") by May 1, 2024. ECF No. 86.

J. On May 1, 2024, Lead Plaintiffs filed the SAC. ECF No. 87.

K. Defendants moved to dismiss the SAC and moved to strike the expert affidavit submitted in support of the SAC (ECF Nos. 91, 92), which motions were granted on January 17, 2025. ECF No. 107.

L. On February 18, 2025, Lead Plaintiffs filed the Notice of Appeal in the United States Court of Appeals for the Ninth Circuit. ECF. No. 109. On March 3, 2025, the Court of Appeals issued an Order scheduling a mediation assessment conference, which was held on March 19, 2025. Shortly thereafter, the Parties informed the Circuit Mediator that they planned to engage in private mediation.

M. On June 13, 2025, while the appeal was pending, the Parties participated in a lengthy mediation session, conducted by Michelle Yoshida of Phillips ADR, a well-respected and highly experienced mediator, to explore a potential negotiated resolution of the claims in the Action. The mediation involved an extended discussion about a potential resolution, and was preceded by the exchange of mediation statements. The Parties reached an agreement-in-principle that day, subject to Court approval, to settle and release the claims asserted against Defendants in the Action. The Parties memorialized their agreement in a Term Sheet, dated July 17, 2025. This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

N. On August 13, 2025, the Parties filed a joint Motion to Dismiss the Appeal without Prejudice, which was granted. The August 13, 2025 order served as the mandate of the Ninth Circuit. *See* ECF No. 112. The August 13, 2025 order also provided that "the appeal is dismissed without prejudice to reinstatement in the event the District Court denies approval of the parties' contemplated class action settlement (the "Settlement") and the Settlement is terminated pursuant to the terms of the written stipulation and agreement of settlement to be filed by the parties with the District Court (the "Settlement Stipulation"). *Id.*

O. Lead Plaintiffs, through Lead Counsel, represent that they conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the United States Securities and Exchange Commission ("SEC");

(ii) publicly available information, including conference calls, news articles, media outlets, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) filings made by the Company with the U.S. Food and Drug Administration ("FDA") and documents issued by the FDA regarding the Company obtained through Freedom of Information Act requests; (v) other publicly available information and data concerning the Company; (vi) press releases; (vii) interviews with former Revance employees; (viii) consultation with an FDA consultant; and (ix) the applicable law governing the claims and potential defenses.

P. Based upon their investigation, prosecution, and mediation of the Action, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this Action and with the advice of their counsel, Lead Plaintiffs have agreed to settle this Action and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefits that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of this Stipulation.

Q. Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever that have or could have been asserted in the Action. Defendants have also denied and continue to deny, *inter alia*, the allegations and claims that have been or could have been asserted by Lead Plaintiffs in the Action, as well as the allegations that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants maintain that they have meritorious defenses to all claims in the Action. Defendants have asserted and continue to assert that their public statements during the Settlement Class Period contained no material misstatements or omissions, and that at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and

laws. Accordingly, as set forth in more detail below, this Stipulation and the Settlement set forth herein, whether or not consummated, shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or Defendants' Releasees with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or an infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Although Defendants continue to believe the claims asserted against them in the Action are without merit, they have agreed to enter into the Settlement set forth in this Stipulation solely to avoid the expense, distraction, time, burden, and uncertainty associated with the Action. Having taken into account the risks inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that it is desirable and beneficial that the Action and the Released Claims be fully and finally settled and dismissed with prejudice in the manner and upon the terms and conditions set forth in this Stipulation.

R. Lead Plaintiffs believe that the claims asserted in the Action have merit. Lead Plaintiffs and Lead Counsel, however, recognize and acknowledge the uncertain outcome of the appeal that was pending at the time of mediation. Lead Plaintiffs and Lead Counsel have also taken into account the uncertain outcome and the risk of litigation should the Ninth Circuit rule in their favor on the appeal, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel is mindful of the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including defenses asserted by Defendants during the litigation, settlement negotiations, and mediation proceedings, and the likelihood that Defendants could not pay any judgment. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a. "Action" means the civil litigation captioned *In re Revance Therapeutics, Inc. Securities Litigation*, No. 3:21-cv-09585-AMO (N.D. Cal.), pending in the United States District Court for the Northern District of California before the Honorable Araceli Martínez-Olguín.

b. "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

c. "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund pursuant to the terms of the Court-approved Plan of Allocation.

d. "Claim" means the submission to be made by Settlement Class Members on the Proof of Claim Form.

e. "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-4, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

f. "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

g. "Claims Administrator" means A.B. Data, the firm retained by Lead Counsel, subject to approval of the Court, to administer the Settlement, including providing all notices approved by the Court to potential Settlement Class Members and processing Proof of Claim Forms.

h. "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

i. "Company" or "Revance" means Revance Therapeutics, Inc.

j. "Complaint" or "SAC" means the Second Amended Class Action Complaint and Demand for Jury Trial filed by Lead Plaintiffs in the Action on May 1, 2024.

k. "Court" means the United States District Court for the Northern District of California.

l. "Defendants" means Revance Therapeutics, Inc., Mark J. Foley, Tobin C. Schilke, and Dr. Abhay Joshi, collectively.

m. "Defendants' Counsel" means Cooley LLP.

n. "Defendants' Releasees" means Defendants and Crown Laboratories, Inc., their predecessors, successors, past, present and future direct and indirect parents, subsidiaries and affiliates, and their respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, shareholders, agents, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers, and related or affiliated entities, legal representatives, heirs, executors, and assigns, in their capacities as such.

o. "Effective Date" with respect to the Settlement means the first date by which all the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

p. "Escrow Account" means the escrow account established by the Escrow Agent to receive the Settlement Amount.

q. "Escrow Agent(s)" means The Huntington National Bank and its successor.

r. "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any award to Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

s. "Final" means, with respect to the Judgment or, if applicable, the Alternative Judgment, the occurrence of either of the following (whichever is earlier): (i) if an appeal or review is not sought by any Person from the Judgment or the Alternative Judgment, the day following the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure; or (ii) if an appeal or review is sought by any Person from the Judgment or Alternative Judgment, the day after such Judgment or Alternative Judgment is no longer subject to further judicial review, including upon appeal or review by a writ of certiorari. Any appeal or proceeding seeking judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the Plan of Allocation (as submitted or subsequently modified), shall not in any way delay or preclude the Judgment or Alternative Judgment from becoming Final, however.

t. "Immediate Family" means, as defined in 17 C.F.R. § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

u. "Individual Defendants" means Mark J. Foley, Tobin C. Schilke, and Dr. Abhay Joshi.

v. "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, materially in the form attached hereto as Exhibit B unless otherwise agreed by all Parties.

w. “Lead Counsel” means Faruqi & Faruqi, LLP.

x. “Lead Plaintiffs” means Chonghao Tang, Shengzhen Tang, and Qiuyan Liu (collectively, the “Tang Family Investor Group”).

y. “Litigation Expenses” means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

z. “Mediator” means Michelle Yoshida of Phillips ADR.

aa. “Net Settlement Fund” means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys’ fees awarded by the Court; and (v) any other costs or fees approved by the Court.

bb. “Notice” means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys’ Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-2, which will be posted on the settlement website and mailed or emailed to Settlement Class Members upon request.

cc. “Notice and Administration Expenses” means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing the Notice of the proposed Settlement by mail, publication, and other means to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, which includes receiving and reviewing claims, applying the Plan of Allocation, communicating with Persons regarding the Settlement and claims administration process, distributing the Settlement proceeds, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

dd. “Parties” means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

ee. “Person(s)” means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

ff. “Plaintiffs’ Releasees” means (i) Lead Plaintiffs, their attorneys, all other plaintiffs in the Action, and all other Settlement Class Members; (ii) affiliates, current and former parents, subsidiaries, successors, predecessors, assigns, executors, administrators, representatives, attorneys, and agents of each of the foregoing in (i); and (iii) the current and former officers, directors, employees, shareholders, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, partners, members, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

gg. “Plan of Allocation” means the proposed plan of allocation set forth in the Notice, or any other plan of distributing the Net Settlement Fund approved by the Court.

hh. “Postcard Notice” means the postcard notice substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

ii. “Preliminary Approval Order” means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

jj. “PSLRA” means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

kk. “Released Claims” means all Released Defendants’ Claims and all Released Plaintiffs’ Claims against the Released Parties.

ll. “Released Defendants’ Claims” means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under

federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether fixed or contingent, whether foreseen or unforeseen, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, representative, class, or individual in nature, that were or could have been asserted in the Action or that could in the future be asserted in any forum, whether foreign or domestic, against Plaintiffs' Releasees by Defendants, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action. Released Defendants' Claims shall not include: (1) any claims relating to the enforcement of the Settlement; or (2) any claims against any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

mm. "Released Plaintiffs' Claims" means all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses and liabilities of every nature and description whatsoever, whether known or Unknown Claims, whether suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether they have been asserted, could have been asserted, or could be asserted in the future against Defendants or any of the Defendants' Releasees, whether foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, whether direct, indirect, representative, class, or individual in nature, whether arising under federal, state, local, statutory, administrative, foreign law, or common law or any other law, rule or regulation, at law or in equity, whether foreign or domestic, against Defendants' Releasees by Lead Plaintiffs in the Action, any member of the Settlement Class, Plaintiffs' Releasees, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants' Releasees, which (a) arise out of, are based upon, or relate in any way to any of the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, or relate in any way to the purchase,

acquisition, holding, sale, or disposition of Revance securities during the Settlement Class Period.

nn. "Releasee(s)" means each any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

oo. "Releases" means the releases set forth in ¶¶ 4-7 of this Stipulation.

pp. "Settlement" means the resolution of the Action in accordance with the terms and provisions set forth in this Stipulation.

qq. "Settlement Amount" means one million two hundred sixty thousand U.S. Dollars ($1,260,000.00) in cash.

rr. "Settlement Class" means all persons or entities who purchased or otherwise acquired Revance securities during the Settlement Class Period. Excluded from the Settlement Class are (i) Defendants; (ii) any current or former officers or directors of Revance; (iii) members of the Immediate Family of each of the Individual Defendants or any current or former officer or director of Revance; and (iv) any entity that any Defendant owns or controls, or owned or controlled, during the Settlement Class Period.

ss. "Settlement Class Member" means a Person who is a member of the Settlement Class.

tt. "Settlement Class Period" means the period from November 25, 2019 to October 15, 2021, inclusive.

uu. "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon while in the Escrow Account.

vv. "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

ww. "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

xx. "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

yy. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in their favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in their favor at the time of the release of such claims, which, in each case, if known by them, might have materially affected their decision(s) with respect to this Settlement, including the decision(s) to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected their decision not to object to this Settlement or not exclude themselves from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtors or released party.**

Lead Plaintiffs, other Settlement Class Members, Plaintiffs' Releasees, Defendants, or any of Defendants' Releasees may hereafter discover facts, legal theories, or authorities in addition to

or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each other Settlement Class Member, Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, whether direct, indirect, representative, class, or individual in nature, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## CLASS CERTIFICATION

2. Solely for the purposes of the Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. In the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues.

## PRELIMINARY APPROVAL OF SETTLEMENT

3. Promptly after execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply

to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

**RELEASE OF CLAIMS**

4. The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court, and the Judgment (or Alternative Judgment) reflecting such approval becoming Final; and (b) in consideration of the full and final disposition of the Action with respect to the Releasees and any and all Released Claims provided for herein.

5. Pursuant to the Judgment (or the Alternative Judgment, if applicable), without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members and Plaintiffs' Releasees, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claims (including Unknown Claims) against the Defendants and the Defendants' Releasees, and shall forever be barred, enjoined, and precluded from commencing, instituting, prosecuting, enforcing, or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendants and Defendants' Releasees, whether or not such Settlement Class Member executes and delivers a Proof of Claim Form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees or Litigation Expenses. Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member or any of Plaintiffs' Releasees against any of the Defendants or Defendants' Releasees with respect to any Released Plaintiffs' Claims.

6. Pursuant to the Judgment (or the Alternative Judgment, if applicable), without further action by anyone, upon the Effective Date of the Settlement, Defendants and

Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

7. Notwithstanding ¶¶ 5-6 above, nothing in the Judgment (or the Alternative Judgment, if applicable), shall bar any action by any of the Parties to enforce or effectuate the terms of this Settlement, including the Stipulation or Judgment (or Alternative Judgment, if applicable).

## THE SETTLEMENT CONSIDERATION

8. In exchange for the full and Final Settlement of the Released Plaintiffs' Claims against the Defendants' Releasees, Defendants and/or their insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account within ninety (90) business days after the Court's entry of an Order preliminarily approving the Settlement, and Lead Counsel's provision of all required funding information to effectuate a transfer of funds, including the bank name and ABA routing number, account name and number, and a completed and signed Form W-9 reflecting a tax identification number. If the Settlement Amount is not timely paid to the Escrow Agent, and is not subject to a good faith dispute between the Parties as to whether the Settlement Amount is due, Lead Plaintiffs may terminate the Settlement, but only if (a) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) business days after Lead Counsel has provided such written notice. If there is a dispute as to whether the Settlement Amount is due into the Escrow Account, any such dispute shall be resolved by the Mediator in accordance with ¶ 59 herein.

9. The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees to Lead Counsel, Notice and Administration Expenses, other administrative

costs, expenses, Settlement Class Member benefits, Lead Plaintiffs awards, reimbursement of Lead Plaintiffs' time and expenses pursuant to the Private Securities Litigation Reform Act, as well as any other costs, expenses, taxes, or fees of any kind whatsoever associated with this Action, the Settlement, or the resolution of this matter. Defendants shall bear their own costs and expenses in connection with the Settlement, including costs, expenses, and fees of their counsel; the costs of providing their transfer records for purposes of notice (*see* ¶ 20 below); and the costs of providing notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b) (*see* ¶ 21 below). Any reasonable Notice and Administration Expenses actually incurred by the claims administrator after Preliminary Approval shall be paid by Revance and/or its insurers if, and only if, the Settlement receives Preliminary Approval but does not thereafter receive Final Approval (and the Parties are unable to make appropriate modifications to resolve any concerns of the Court) or is otherwise terminated before the Settlement Amount has been paid into the Escrow Account. Once the Settlement Amount has been paid into the Escrow Account, such Notice and Administration Expenses will be paid from the Settlement Fund and any Notice and Administration Expenses already incurred shall be reimbursed from the Settlement Fund. Any dispute regarding the payment of Notice and Administration Expenses by Revance shall be resolved by the Mediator in accordance with ¶ 59 herein.

## USE OF SETTLEMENT FUND

10. The Settlement Fund shall be used to pay or reimburse: (a) any Taxes; (b) any Notice and Administration Expenses; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees award by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 22-31 below.

11. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. The interest from this Escrow Account will accrue to the benefit of the Settlement Class if the Court approves the Settlement. All funds held by the Escrow Agent shall be deemed to be in the custody of the

Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Lead Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund, and the Defendants and Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to any investment decisions or actions taken, or any transactions executed by, the Escrow Agent.

12. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. The Claims Administrator shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. The Claims Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by the Claims Administrator and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of the Claims Administrator, Escrow Agent, Lead Counsel or their agents with respect to the reporting and/or payment of Taxes, as described herein.

14. The Settlement is not a claims-made settlement. After the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever. The Defendants and Defendants' Releasees shall not be responsible or liable for the loss of any portion of the Settlement Fund, nor shall they have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund, including those in ¶ 13.

15. Notwithstanding that the Effective Date has not yet occurred, Lead Counsel may pay from the Escrow Account the reasonable Notice and Administration Expenses actually incurred and Taxes. The Notice and Administration Expenses will be advanced by the Claims Administrator and paid from the Escrow Account following final approval.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

16. Lead Counsel will apply to the Court for an award of attorneys' fees incurred in prosecuting the Action to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement or payment of Litigation Expenses, which will include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for attorneys' fees and/or Litigation Expenses is not the

subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

17. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel promptly after entry of the Order awarding such attorneys' fees and expenses and entry of the Judgment, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement does not become Final or is terminated pursuant to the terms of the Stipulation or if, as a result of any appeal or further proceedings, the award of attorneys' fees and/or expenses is reduced or reversed and such order becomes Final. Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (1) receiving from Defendants' counsel notice of termination of the Settlement or (2) any order from a court of competent jurisdiction reducing or reversing the award of attorneys' fees and/or Litigation Expenses by a non-appealable order or termination of the Settlement. The procedure for and the allowance or disallowance by the Court of any attorneys' fees or Litigation Expenses are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein.

18. Defendants and Defendants' Releasees shall have no responsibility for, or liability whatsoever with respect to, any payment, allocation, or award of attorneys' fees to Lead Counsel and/or any other person who may assert some claim to any fees or expenses awarded by the Court. The attorneys' fees and Litigation Expenses that are awarded to Lead

Counsel shall be payable solely from the Settlement Fund in the Escrow Account. Each side shall bear its own costs and expenses, other than fees and expenses to be paid from the Settlement Fund and the costs expressly provided for in ¶9.

**NOTICE AND SETTLEMENT ADMINISTRATION**

19. As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. With the sole exception of Defendants' obligation to pay (or cause to be paid) the Settlement Amount into the Escrow Account as provided for in ¶¶ 8-9, none of the Defendants, nor any other Defendants' Releasees, shall have any responsibility for, interest in, authority, or liability whatsoever with respect to: (i) the selection of the Claims Administrator; (ii) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (iii) the Plan of Allocation; (iv) the management, investment, or disbursement of the Settlement Fund; (v) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

20. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the settlement website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within fourteen (14) business days of the date of entry of the Preliminary Approval Order, Defendants

shall provide or cause to be provided to the Claims Administrator in electronic format or other form as is reasonably available (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, addresses, and email addresses (if available)) of record owners of Revance's securities during the Settlement Class Period, to the extent that information is available to Revance from its transfer agent.

21. Defendants shall be responsible for compliance with the notification procedures of the Class Action Fairness Act ("CAFA"). No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under CAFA § 1715. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing.

22. The Claims Administrator shall receive Claim Forms and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss compared to the total recognized losses of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-2, or in such other plan of allocation as the Court approves).

23. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment (or Alternative Judgment, if applicable) or any others entered by this Court pursuant to this Stipulation. No Defendant, nor any other Defendants' Releasee, shall have any involvement with or liability, obligation, or responsibility whatsoever for the Plan of Allocation or the application of the Court-approved plan of allocation.

24. Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternative Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred, enjoined, and precluded from commencing, instituting, prosecuting, enforcing, or maintaining any action, claim, or other proceeding of any kind against the Defendants or Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal technical defects in any Claims submitted in the interests of achieving substantial justice. No Defendant nor any of Defendants' Releasees shall have any involvement in the administrative decisions of the Claims Administrator or Lead Counsel with respect to the Claims received in connection with the Settlement.

26. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a. Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-4, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b. All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court

such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred, enjoined, and precluded from commencing, instituting, prosecuting, enforcing, or maintaining any action, claim, or other proceeding of any kind against any Defendants or Defendants' Releasees with respect to any Released Plaintiffs' Claims. Provided that it is mailed by the Claim submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

c. Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below. Nothing in this paragraph shall create any entitlement in any Person to receive cure efforts, and the absence of cure efforts shall have no impact on any release provided for herein; and

e. If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

27. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to, all Releases provided for herein and in the Judgment or Alternative Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action (including any discovery from Defendants) or of the Settlement in connection with the processing of Claims.

28. Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants and the Settlement Class. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and

will be permanently barred, enjoined, and precluded from commencing, instituting, prosecuting, enforcing, or maintaining any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30. No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, Defendants, Defendants' Counsel, or Defendants' Releasees, or any other agent designated by Lead Counsel, Defendants, Defendants' Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' experts and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

32. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B. The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants and the Releasees provided for herein, without costs to any Party, except for the payments expressly provided for herein.

**CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

33. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a. the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as requested by ¶ 3 above;

b. Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

c. Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

d. the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure and entered the Judgment;

e. the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above; and

f. the Judgment has become Final, or the Court has entered an Alternative Judgment and none of the Parties seek to terminate the Settlement and the Alternative Judgment has become Final.

34. Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35. If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation and the Settlement is thereafter terminated on that basis; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation and the Settlement is thereafter terminated on that basis; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise does not occur, then:

a. The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

b. Lead Plaintiffs and Defendants shall revert to their respective litigation position in the Action on June 13, 2025, and Defendants will not oppose Lead Plaintiffs' application to the Court to reinstate Lead Plaintiffs' petition for appeal, which was dismissed pursuant to the Parties' joint Motion to Dismiss on August 13, 2025 in light of the Parties' agreement-in-principle to enter into this Settlement. If not reinstated by the Court, then Lead Plaintiffs shall be entitled to refile a petition for appeal;

c. Neither Lead Plaintiffs nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action; and

d. The terms and provisions of this Stipulation, with the exception of ¶ 35 and ¶¶ 15, 17, 38, 42, 56, 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment (or Alternative Judgment, if applicable), or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

e. In the event the Settlement is terminated or fails to become effective for any reason, within five (5) business days of written notification of such event sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, any attorneys' fees, and any change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 17 above), less any Taxes paid or due and reasonable Notice and Administration Expenses actually incurred and paid or payable, shall be refunded by the Escrow Agent to Revance (or such other persons or entities as Revance may direct). In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Revance (or such other person or entities as Revance may direct) immediately upon their deposit into the Escrow account consistent with ¶ 17 above.

36. If one of the following subparts in this ¶ 36 occurs, then it is further stipulated and agreed that Defendants and Lead Plaintiffs shall each have the right to terminate the

Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of such event, in which case the provisions of ¶ 35 above shall apply: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment (or Alternative Judgment) in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by an order from the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which the Alternative Judgment is modified or reversed in any material respect by an order from the United State Court of Appeals for the Ninth Circuit or the United States Supreme Court. For the avoidance of doubt, however, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternative Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37. In addition to the grounds set forth in ¶ 36 above, Revance shall also have the unilateral right to terminate the Settlement in accordance with the terms of the Stipulation in the event that the Opt-Out Threshold (defined below) has been reached.

a. Simultaneously herewith, Defendants and Lead Plaintiffs are executing a confidential supplemental agreement ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Revance shall have the option to terminate the Settlement and render the Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Opt-Out Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court, and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application. If submission of the

Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their best reasonable efforts to have the Supplemental Agreement submitted to the Court *in camera* or under seal, and will request that the Court afford it confidential treatment.

b. In the event of a termination of the Settlement pursuant to the Supplemental Agreement, the Stipulation shall become null and void and of no further force and effect, with the exception of provisions ¶¶ 15, 17, 35, 38, 42, 56, 57, which shall continue to apply.

## NO ADMISSION OF WRONGDOING

38. Neither the Term Sheet, this Stipulation nor the Settlement set forth herein (whether or not consummated), including the exhibits attached hereto and Plan of Allocation contained therein, (or any other plan of allocation that may be approved by the Court), nor any facts or terms of the Settlement or this Stipulation, negotiations, discussions, proceedings, acts performed, or documents related to, executed pursuant to, or in furtherance of this Stipulation or the Settlement (including any arguments proffered in connection therewith):

a. shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (aa) the truth of any fact alleged by Lead Plaintiffs or any Settlement Class Member; (bb) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (dd) any liability, negligence, fault, damages, or any other wrongdoing of any kind of any of the Defendants' Releasees; or (ee) any alleged damages suffered by Plaintiffs or the Settlement Class; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than

such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b. shall be (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c. shall be offered or construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**<u>MISCELLANEOUS PROVISIONS</u>**

39. All of the exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40. In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf

of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternative Judgment, if applicable, entered in favor of Defendants and other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternative Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Expenses actually incurred, paid or payable) shall be returned as provided in ¶ 35(e) above.

41. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants or Defendants' Releasees with respect to the Released Plaintiffs' Claims. Lead Plaintiffs and Defendants agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Michelle Yoshida, Esq., and reflect the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

43. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders provided for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

45. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, the Settlement, or the Supplemental Agreement other than those contained and memorialized in such documents.

47. This Stipulation may be executed in one or more counterparts, including by signature transmitted electronically via a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

49. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

50. The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51. This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is

the result of arm's-length negotiations between the Parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

52. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53. Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, with a copy sent via email transmission, or alternatively, email transmission, with confirmation of receipt and such confirmation shall not be unreasonably withheld. Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel: Faruqi & Faruqi, LLP
Attn: James M. Wilson, Jr.
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Fax: (212) 983-9331
Email: jwilson@faruqilaw.com

If to Defendants: Cooley LLP
Attn: Brett H. De Jarnette
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: (650) 843-5000
Fax: (650) 849-7400
Email: bdejarnette@cooley.com

55. Except as otherwise provided herein, each Party shall bear its own costs.

56. Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all settlement discussions, negotiations, acts performed, draft settlement agreements and any related documents, mediation submissions, documents signed, proceedings, and communications that occurred in connection with the Settlement and Stipulation confidential.

57. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

58. Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained in this Court.

59. If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself, those disputes will be resolved by Michelle Yoshida, Esq. by way of telephonic or video mediation.

60. Defendants and any Defendants' Releasees may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

61. While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith. Likewise, while retaining their right to assert their claims in the Action were meritorious, Lead Plaintiffs and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith. In all events, Lead Plaintiffs, and their counsel, and Defendants, and their counsel, shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution,

defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged or asserted.

62. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties here to have caused this Stipulation to be executed, by their duly authorized attorney.

Dated: July 31, 2026

**FARUQI & FARUQI, LLP**

By: *_/s/ James M. Wilson, Jr.___________*

James M. Wilson, Jr. (appearance *pro hac vice*)
Robert W. Killorin (appearance *pro hac vice*)
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

Lisa Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

*Attorneys for [Proposed] Class Representative The Tang Family Investor Group and [Proposed] Class Counsel for the [Proposed] Settlement Class*

Dated: _July 31_, 2026

**COOLEY LLP**

By: *_/s/ Brett De Jarnette_____________*
Brett H. De Jarnette

Patrick E. Gibbs (183174)
(pgibbs@cooley.com)
Shannon M. Eagan (212830)
(seagan@cooley.com)
Brett H. De Jarnette (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

*Attorneys for Defendants Revance Therapeutics, Inc., Mark J. Foley, Tobin C. Schilke, and Abhay Joshi*